UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC A. TRUJILLO,<br><br>                           Plaintiff,<br><br>v.<br><br>SCOTT A. KIEFER, U.S. PROBATION OFFICER<br><br>                           Defendant. | Case No.: 19-cv-02440-AJB-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND, (Doc. No. 1);**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT, (Doc. No. 2); AND**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO APPOINT AS MOOT, (Doc. No. 3)** |

On December 19, 2019, Plaintiff Marc A. Trujillo ("Plaintiff"), a non-prisoner proceeding *pro se*, commenced this action against Defendant U.S. Probation Officer Scott A. Kiefer ("Defendant"). (Doc. No. 1.) On December 19, 2019, Plaintiff moved to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 2.) On December 19, 2019, Plaintiff also filed a motion to appoint pursuant to 42 U.S.C. § 2000e 5(f)(1). (Doc. No. 3.) For the following reasons, the Court **DISMISSES** Plaintiff's Complaint **WITHOUT LEAVE TO AMEND**, **DENIES AS MOOT** Plaintiff's IFP motion, and

1

**DENIES AS MOOT** Plaintiff's motion to appoint.

**I.     SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1112, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted). All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint is facially plausible when the facts alleged allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Also, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, *Lopez*, 203 F.3d at 1126-30 (9th Cir. 2000). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)); *see, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude

when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer."). Thus, failure to meet procedural requirements will not receive as much latitude.

## II.    DISCUSSION

Plaintiff brings this suit against U.S. Probation Officer Scott A. Kiefer. (Doc. No. 1.) Plaintiff contends Supervising Probation Officer Mary M. Murphy and U.S. Probation Officer Scott A. Kiefer prepared and fabricated a warrant solely to punish him beyond their actual power. (*Id.*) While Plaintiff mentions Supervising Probation Officer Mary M. Murphy, he only names U.S. Probation Officer Scott A. Kiefer as a defendant. (*Id.*) Plaintiff alleges this fabricated warrant led to him being in prison for 11 months in 2018, which in turn caused harm to his family and business. (*Id.*) Plaintiff seeks relief in the form of two million dollars. (*Id.*)

Because Plaintiff is proceeding without counsel, and his Complaint alleges constitutional violations by federal actors, the Court will liberally construe his case to arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Bivens actions are judicially created equivalents to § 1983 actions allowing a plaintiff to sue a federal officer for civil rights violations under color of federal law. *See, e.g.*, *Carlson v. Green*, 446 U.S. 14, 18 (1980); *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006) (describing a suit brought under *Bivens* as the "federal analog" to § 1983).

### A.    Quasi-Judicial Immunity

Plaintiff brings this Complaint against U.S. Probation Officer Scott A. Kiefer. However, immunity extends to all persons whose functions are closely associated with the judicial process. *See e.g., Burns v. Reed*, 500 U.S. 478 (1991). Probation officers serve a function integral to the judicial process, and as such, are entitled to quasi-judicial immunity. *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970), *see also Demoran v. Witt*, 781 F.2d 155 (9th Cir. 1985) (absolute immunity for probation officers). Quasi-judicial immunity has also been afforded to police and other court officers for purely ministerial

acts. *See Coverdell v. Dep't of Social and Health Services*, 834 F.2d 758 (9th Cir. 1987) (absolute immunity for the execution of a facially valid court order).

Here, Plaintiff seeks monetary damages against Defendant Scott A. Kiefer, a federal probation officer. Thus, Defendant is entitled to quasi-judicial immunity. *See Reyes v. U.S. Dist. Court for the W. Dist. of Washington*, No. CV 08-005159, 2008 WL 4103973, at *3 (W.D. Wash. Aug. 20, 2008) ("As actions under section 1983 and *Bivens* are identical except for replacement of the state for federal actor, a probation officer is similarly entitled to immunity in a *Bivens* action.").

### B.     Plaintiff Has Not Adequately Pled Facts Supporting Any Claim

Additionally, Plaintiff has also not pleaded enough facts to support a claim against Defendant. Plaintiff conclusively states the warrant was fabricated, but the only details he gives about the warrant is stating it contains "two questionable allegations." (Doc. No. 1.) This is a bare legal conclusion. Plaintiff fails to provide any facts to support that the warrant was fabricated. *Id*. There are no details about the warrant, what occurred when the warrant was executed, or when these events unfolded. *Id*.

Additionally, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id.* Although *Heck* involved a claim under 42 U.S.C. § 1983, and Plaintiff brings a *Bivens* action, the Ninth Circuit has stated that "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Here, Plaintiff has also not shown that his sentence has been invalidated. As such, Plaintiff's Complaint may be properly dismissed on this basis as well. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996 ("[B]ecause a judgment in favor of [the plaintiff] would necessarily imply the invalidity of his sentence, and because [the plaintiff] did not show that his sentence has been invalidated, the district court properly dismissed this action.").

**III.   CONCLUSION**

In sum, even after liberally construing Plaintiff's complaint, Plaintiff has failed to state a claim against Defendant. Therefore, Plaintiff's claim is **DISMISSED**. Generally, leave to amend is to be given freely. Fed. R. Civ. P. 15(a)(2). However, it is properly denied when amendment would be futile. Se*e Carrico v. City & Cnty. Of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2001). Here, the Court finds that amendment would be futile. Because the Court dismisses Plaintiff's operative complaint, the Court also **DENIES AS MOOT** Plaintiff's IFP motion and **DENIES AS MOOT** Plaintiff's motion to appoint. (Doc. No. 2, 3.)

Accordingly, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated:  August 10, 2020

Hon. Anthony J. Battaglia
United States District Judge